UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SYSTEM BEAUTY, LLC, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:18-CV-1463-G |
| DALLAS WASTE DISPOSAL & ) | |
| RECYCLING, INC., d/b/a DALLAS ) | |
| RECYCLING, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion to dismiss filed by the defendants Daniel's Trading, LLC d/b/a/ Daniel's Discounts ("Daniel's Discounts"), Soledad M. Cisneros ("Cisneros") and Daniel Perez ("Perez") (collectively, "the Daniel's Discounts defendants") under Federal Rule of Civil Procedure 12(b)(1). Motion to Dismiss (docket entry 47). For the reasons explained below, the Daniel's Discounts defendants' motion to dismiss is **DENIED** without prejudice as moot.

I. BACKGROUND

System Beauty, LLC ("System Beauty") and ColorMetrics, LLC ("ColorMetrics") initiated this case by filing their original complaint on June 7, 2018.

*See* Plaintiffs' Original Complaint (docket entry 1). By way of their original complaint, System Beauty and ColorMetrics brought multiple claims against the Daniel's Discounts defendants, as well as the co-defendants Dallas Waste Disposal & Recycling, Inc. d/b/a/ Dallas Recycling ("Dallas Recycling"), Richard Szarkowski ("Szarkowski"), and Roman Krawieczynski ("Krawieczynski"). *Id*. Specifically, against all defendants, System Beauty and ColorMetrics asserted claims of federal and common law trademark infringement, unfair competition, unjust enrichment, conspiracy, and aiding and abetting. *Id*. at 9-25. Against the Daniel's Discounts defendants, System Beauty and ColorMetrics alleged claims of unauthorized sales of counterfeit goods, copyright infringement, and tortious interference with contract. *Id*. System Beauty and ColorMetrics also claimed breach of contract against Dallas Recycling. *Id*. at 19.

Also on June 7, 2018, System Beauty and ColorMetrics filed a motion for a temporary restraining order, preliminary injunction, and seizure order. *See* Motion for Temporary Restraining Order, Preliminary Injunction, and Seizure Order (docket entry 5). The court granted this motion on the same date. Order Granting Motion for Temporary Restraining Order (docket entry 7). One day later, on June 8, the United States Marshals Service executed the seizure order. *See* First Process Receipt and Return (docket entry 42); Second Process Receipt and Return (docket entry 43).

Shortly thereafter, System Beauty, ColorMetrics, and all defendants agreed to

a preliminary injunction, which the court granted on June 28, 2018. Agreed Preliminary Injunction (docket entry 31); Agreed Preliminary Injunction (docket entry 32). One day later, Dallas Recycling, Szarkowski, and Krawieczyski filed their answer to the System Beauty and ColorMetrics' original complaint. *See* Answer of Dallas Recycling, Szarkowski, and Krawieczyski (docket entry 33). The same defendants filed their amended answer on July 13, 2018. *See* Amended Answer of Dallas Recycling, Szarkowski, and Krawieczyski (docket entry 38). The Daniel's Discounts defendants filed their answer to System Beauty and ColorMetrics' original complaint on July 17, 2018. *See* Answer of Daniel's Discounts, Cisneros, and Perez (docket entry 40). The Daniel's Discounts defendants' answer asserted counterclaims against System Beauty and ColorMetrics and brought crossclaims against Dallas Recycling, Szarkowski, and Krawieczysnki.[1] *Id*.

On August 28, 2018, the Daniel's Discounts defendants filed a motion to dismiss System Beauty and ColorMetrics' original complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] *See*

---

[1] Because the motion pending before this court seeks only to dismiss the claims of System Beauty and ColorMetrics, this court need not address the counterclaims or crossclaims of Cisneros, Perez, or Daniel's Discounts.

[2] In some places, the Daniel's Discounts defendants' motion to dismiss states that it only seeks to dismiss certain trademark claims from System Beauty and ColorMetrics' original complaint. *See* Motion to Dismiss at 1-2 ("Plaintiffs have asserted numerous trademark infringement claims. Plaintiffs have no standing to bring the majority of said claims . . . ."). In other places, however, the Daniel's

(continued...)

*generally* Motion to Dismiss. The crux of the argument raised in this motion is that System Beauty and ColorMetrics lack constitutional standing to bring their case because they have "suffered no injury or other cognizable harm[.]" *Id*. at 4. Specifically, the Daniels' Discounts defendants contend that System Beauty and ColorMetrics have suffered no harm because: (1) they do not own the trademarks which they claim to have been infringed; (2) they do not have rights as licensees or assignees to otherwise assert any trademark infringement claims; and (3) the ALTERNA® mark has been abandoned. *Id*. at 2, 4-5. It is the view of the Daniels' Discounts defendants that without an ownership or other property interest in the marks, System Beauty and ColorMetrics fail to satisfy the injury requirement for constitutional standing. *Id*. at 4 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

On September 5, 2018, System Beauty and ColorMetrics filed a motion to leave to file their first amended complaint. *See* Plaintiffs' Motion for Leave to File

---

²(...continued)
Discounts defendants' motion to dismiss seeks to dismiss System Beauty and ColorMetrics' entire case. *Id*. at 3 ("Plaintiffs do not have sufficient rights in the Marks to bring or maintain their case against Defendants."); see also *id*. at 4 ("[T]here is no subject matter jurisdiction in this case and it must be dismissed."). Because the argument and conclusion sections of the Daniel's Discounts defendants' motion to dismiss both seek dismissal of System Beauty and ColorMetrics' entire original complaint – as opposed to only their trademark claims – this court will treat the Daniels' Discounts defendants' motion as seeking dismissal of the entire complaint.

First Amended Complaint and Brief (docket entry 49).  Through this motion, System Beauty and ColorMetrics sought to add Macadamia Beauty, LLC ("Macadamia") and Algenist, LLC ("Algenist") as party plaintiffs and to assert additional claims against all defendants for federal and common law trademark infringement, unfair competition, conspiracy, and aiding and abetting.  *Id*. at 3.  System Beauty and ColorMetrics also sought leave to amend their complaint to raise additional claims against the Daniel's Discounts defendants, including claims of unauthorized sales of counterfeit goods, tortious interference with contractual relations, and conversion.  *Id*.  In addition, System Beauty and ColorMetrics sought leave to assert additional claims against Dallas Recycling specifically for:  (1) fraud; and (2) violations of the Texas Deceptive Trade Practices – Consumer Protection Act.  *Id*. at 3.  None of the defendants in this case filed a response to System Beauty and ColorMetrics' motion for leave.

On September 18, 2018, System Beauty and ColorMetrics filed their response to the Daniel's Discounts defendants' motion to dismiss.  *See* Response (docket entry 51).  In their response, System Beauty and ColorMetrics allege that they possess property rights in the trademarks involved in this case and thus they have, in fact, been injured by the Daniel's Discounts defendants' conduct.  *Id*. at 4-6.  Accordingly, System Beauty and ColorMetrics argue in their response that this court has subject matter jurisdiction over their case because they have satisfied the requirements for

constitutional standing. *Id*. The Daniel Discounts defendants did not file a reply brief on their motion to dismiss.[3]

Finding no opposition to System Beauty and ColorMetrics' motion for leave to file an amended complaint, this court granted leave for these parties on December, 31, 2018. *See* Order Granting Motion for Leave (docket entry 52). The plaintiffs filed their amended complaint on the same date, thereby adding Macadamia and Algenist as party plaintiffs. *See* Plaintiffs' Amended Complaint (docket entry 53). The Daniel's Discounts defendants' motion to dismiss is now ripe for decision.

## II. ANALYSIS

"Courts in the Northern District of Texas generally adhere to the school of thought that an amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint." *Garcia v. City of Amarillo, Texas*, 3:18-CV-95-D-BR, 2018 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018) (Reno, Magistrate J.); see also *Garza-Selcer v. 1600 Pacific Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug.

---

[3] This court has attempted to contact counsel for Cisneros, Perez, and Daniel's Discounts multiple times regarding this issue. So far, this court has not heard back from any counsel representing the Daniel's Discounts defendants. In fact, this court has learned that the number listed on ECF for defendants' counsel John Milks is a fax number and that the number for Nida Nadir rings a law firm that claims Nadir has never worked there. This court would like to remind counsel for the Daniel's Discounts defendants of Local Rule 83.13, which requires that counsel keep updated contact information.

30, 2016 ) (Godbey, J.) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *Stredwick v. Dallas Margarita Society, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) (Furgeson, Senior J.) ("The filing of an amended complaint generally renders pending motions moot."); *People's Choice Home Loan, Inc. v. Mora*, 3:06-CV-1709, 2007 WL 120006, at *2 (Fish, Chief J.) ("[I]t is a generally accepted principle that the filing of an amended complaint supersedes the prior complaint."). "However, a motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint." *New World International, Inc. v. Ford Global Technologies, LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017) (Lynn, Chief J.).

In the instant case, the deficiencies complained of in the Daniel's Discounts defendants' motion to dismiss are that neither System Beauty nor ColorMetrics has constitutional standing to bring their case because both lack ownership or other property rights in the trademarks involved. Motion to Dismiss at 4-5. To the extent they exist, these alleged deficiencies[4] have been cured by the plaintiffs' filing of their

---

[4] In the court's view, the Daniel's Discounts defendants' allegations that neither System Beauty nor ColorMetrics possess *any* ownership interest in any of the trademarks involved in this case seems misplaced based on System Beauty and ColorMetrics' pleadings and exhibits. System Beauty claims an ownership in the
(continued...)

first amended complaint, which added Macadamia and Algenist–the registered owners of multiple trademarks involved in this case–as party plaintiffs. *See* Plaintiffs' Amended Complaint at 4-5. Accordingly, the court concludes that the Daniel's Discounts defendants' motion to dismiss should be **DENIED** as moot. This action will now proceed on the plaintiffs' first amended complaint.

### III. CONCLUSION

For the reasons stated above, the Daniel's Discounts defendants' motion to dismiss is **DENIED** without prejudice.

**SO ORDERED.**

February 11, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

⁴(...continued)
common-law MSM™ mark, as well a property interest in all other marks involved in this case as a non-exclusive licensee. Plaintiffs' Amended Complaint at 4-5; *see also*, Exhibit B of Plaintiffs' Motion for Temporary Restraining Order (docket entry 5-2). Moreover, ColorMetrics alleges a property interest as a user and exclusive licensee of the COLORMETRICS®, TOUCHBACK®, COLOR BETWEEN COLORINGS®, and FIX THE FADE® marks. Plaintiffs' Amended Complaint at 4. Nor is the court entirely convinced that to have Article III constitutional standing to sue, System Beauty and ColorMetric *must* possess ownership or other property rights in the marks involved in this case. See *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014) ("A consumer who is hoodwinked into purchasing a disappointing product may have an injury-in-fact cognizable under Article III . . ."). Regardless, the court does not decide these issues in this memorandum opinion and order.